IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DORIS OBILOR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV276 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) ) | |

This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"). Plaintiff appeals a final determination of the Commissioner denying her application for Social Security benefits under Title II, 42 U.S.C. § 401 and for supplemental security income under Title XVI, 42 U.S.C. § 1381. This court has jurisdiction under 42 U.S.C. § 405(g). On June 16, 2006, and on August 21, 2006, plaintiff filed an application for disability benefits and supplemental security income, alleging disability beginning March 24, 2006. Social Security Transcript ("Tr."), Filing No. 9. The Commissioner denied plaintiff's claims, initially, as well as upon reconsideration. The ALJ denied plaintiff's claim on August 26, 2008. Vocational expert Anita Howell appeared and testified at a hearing before the Administrative Law Judge ("ALJ"). Plaintiff's attorney also appeared at the hearing. The ALJ found that plaintiff can perform her past relevant work as a waitress. Tr. at 19. Plaintiff filed a request for review of the ALJ's decision before the Social Security Appeals Council ("Appeals Council"). The Appeals Council found against the plaintiff. Plaintiff then filed this action in the United States District Court for the District of Nebraska.

**STANDARD OF REVIEW**

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant is disabled when the claimant is "not only unable to do his previous work but cannot, considering . . . his age, education and work experience, engage in any other kind of substantial gainful work which exists in [significant numbers in] the national economy . . . either in the region in which such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

An ALJ evaluates a disability claim according to a five-step sequential analysis prescribed by Social Security regulations. The ALJ examines

> any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education and work experience. *See* 20 C.F.R. § 404.1520(a); *Braswell v. Heckler,* 733 F.2d 531, 533 (8th Cir. 1984). If a claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience. *See Braswell*, 733 F.2d at 533. If the Commissioner finds that the claimant does not meet the Listings but is nevertheless unable to perform his or her past work, the burden of proof shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to perform other kinds of work, and second, that other such work exists in substantial numbers in the national economy. *See Nevland v. Apfel,* 204 F.3d 853, 857 (8th Cir. 2000). A claimant's residual functional capacity is a medical question. *See id.* at 858.

*Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000).

Residual Functional Capacity ("RFC") is defined as the claimant's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and

continuing basis, i.e., eight hours a day, five days a week, or an equivalent work schedule. Soc. Sec. Rul. 96-8p. RFC is what an individual can still do despite his impairments and the resulting limitations. While the RFC is a medical question, *Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir. 2000), RFC is not based solely on "medical" evidence. *See McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000) (holding that the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including medical records, observations of treating physicians and others, and an individual's own description of the limitations).

When reviewing the decision not to award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the Commissioner. *Bates v. Chater,* 54 F.3d 529, 532 (8th Cir. 1995). Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole. *Eback v. Chater,* 94 F.3d 410, 411 (8th Cir. 1996). Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan,* 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere scintilla," *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *accord Ellison v. Sullivan,* 921 F.2d 816, 818 (8th Cir.1990). "Substantial evidence is that which a reasonable mind would find as adequate to support the ALJ's decision." *Brown v. Chater,* 87 F.3d 963, 964 (8th Cir. 1996) (citing *Baumgarten v. Chater,* 75 F.3d 366, 368 (8th Cir. 1996)).

In determining whether the evidence in the record as a whole is substantial, the district court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Warburton v. Apfel,* 188 F.3d 1047, 1050 (8th Cir. 1999). If the district court finds that the record contains substantial evidence supporting

the Commissioner's decision, the court may not reverse the decision because the record also contains substantial evidence that supports a different outcome or because the court would have decided the case differently. Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001).

## BACKGROUND

Plaintiff was 62 years of age at the time of the administrative hearing. She received her general equivalency degree and an associate's degree in culinary arts. She left her waitressing job in 2006, and at the time of the hearing, she worked (through a grant) as a cook at the Eastern Nebraska Office of Aging, working six-hour shifts three days a week. She took medication for diabetes, Tylenol, and occasionally muscle relaxers for pain, and testified she did her own grocery shopping and laundry.

Plaintiff alleges she has a disability due to arthritis, back and hip pain, high blood pressure and type II diabetes. She fell in 2003 and either broke or sprained her ankle. Plaintiff contends this continues to cause her pain. Plaintiff went to the Charles Drew Health Center on several occasions between 2005 and 2007 for these illnesses. She visited the Douglas County Medical Clinic several times in 2006 and 2007. She was advised to take Tylenol and a muscle relaxer and to exercise for her arthritis and pain. Tr. at 188. In August 2007, plaintiff's nurse at Douglas County Medical Clinic completed a form that stated plaintiff could work and perform sedentary jobs. Tr. at 179. The nurse made no remarks on the form regarding any restrictions, although a box existed on the form for that purpose. Tr. at 178. In September 2007, plaintiff received a diabetes diagnosis. An examination in 2008 revealed no arthritis, fractures, pain, weakness, stiffness, or atrophy. Tr. at 218, 220, and 222. On April 11, 2008, plaintiff saw Dr. Anil K.

Agarwal and described her back pain as mild and intermittent; said she was depressed and sad but not suicidal; her range of motion was normal, except it was reduced in her lumbar spine; and her muscle tone was good. Tr. at 201-208. Dr. Agarwal also diagnosed a mood disorder, but he prescribed no medicines. Tr. at 208.

## DISCUSSION

### A. Treating Physician

Error exists when an ALJ fails to consider or discuss a treating physician's opinion that a claimant is disabled when the record contains no contradictory medical opinion. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). "[A] treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Prosch v. Apfel*, 201 F.3d 1010, 1012-1013 (8th Cir. 2000) (quoting 20 C.F.R. § 404.1527 (d)(2) (2006)). The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. *Hogan*, 239 F.3d at 961. An ALJ cannot substitute his opinion for the medical opinions. *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990).

Plaintiff first contends that the ALJ failed to fully develop the record, as the ALJ did not order a consultative psychiatric examination. The ALJ determined that based on this record he did not need further assessment of plaintiff's mental examination. The ALJ indicated that plaintiff never sought or received mental health treatment and did not receive any drugs for mental health issues. This court agrees that the ALJ does not have to develop the record on plaintiff's mental health allegations, unless "such evaluation is necessary for [the ALJ] to make an informed decision. *Haley v. Massanari*, 258 F.3d 742,

749 (8th Cir. 2001) (citations omitted). There is very little evidence in plaintiff's medical history that would indicate any type of moderate or severe mental health issue. The record showed a one-time assessment of "mental slowing" and mood disorder by Dr. Agarwal. There is no showing that this in any way related to an inability to work, and there is nothing in the record to suggest further work assessment was necessary. Accordingly, the court finds substantial evidence in the record to support the ALJ's finding in this regard.

Plaintiff also contends that the ALJ failed to give appropriate weight to the treating advanced practice registered nurse who on August 31, 2007, opined that plaintiff could do only sedentary work. Tr. at 18, 179. The ALJ did discount the nurse's statement. Tr. at 18. This court agrees that the opinion of a treating nurse does not receive controlling weight. *Lacroix. v. Barnhart*, 465 F.3d 881, 885-86 (8th Cir. 2006). Further, it is the job of the ALJ and the Commissioner to finally assess the plaintiff's RFC. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). The ALJ found the statement made by the nurse practitioner to be inconsistent with the record as a whole. Tr. at 18. The court finds there is substantial evidence in the record to support this finding by the ALJ.

### B. Subjective Complaints

The standard, in the Eighth Circuit, for evaluating a claimant's subjective complaints of pain in Social Security cases is *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). According to the Eighth Circuit, an ALJ may not disregard a plaintiff's subjective complaints solely because the objective medical evidence does not fully support them:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The [ALJ] must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The [ALJ] is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the record as a whole.

*Id*. at 1322 (emphasis in original).  "Pain is recognized as disabling when it is not remediable and precludes a claimant from engaging in any form of substantial gainful activity. . . .  The mere fact that working may cause pain or discomfort does not mandate a finding of disability."  *Cruse v. Bowen*, 867 F.2d 1183, 1183 (8th Cir. 1989) (citations omitted).

"While the ALJ may not discount a social security disability claimant's complaints solely because they are not fully supported by objective medical evidence, a claimant's complaints may be discounted based on the inconsistencies in the record as a whole." *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005).  "Allegations of disabling pain made by claimant seeking social security disability benefits may be discredited by evidence that claimant has received minimum medical treatment and/or has taken only occasional pain medication."  *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998).  In addition, "[t]he determination of mental RFC is crucial to the evaluation of an individual's capacity to engage in substantial gainful work activity."  20 C.F.R. § 404, Subpt. P, App. 1, § 12.00A.

Plaintiff contends the ALJ failed to adequately consider the subjective complaints of pain.  However, the court finds the ALJ did adequately consider plaintiff's allegations of pain and other subjective complaints.  The ALJ found some of the plaintiff's claims to lack

credibility. Tr. at 16-19. The ALJ discussed the plaintiff's claim of pain in her ankle. The X-rays showed a heel spur, but nothing more serious. Likewise, with regard to her leg and back pain, X-rays showed degenerative facet disease of the lower lumbar spine, mild degenerative changes at T-11-T-12, and a normal left hip. Tr. at 17, 187. Her examinations showed no arthritis, fractures, or stiffness. She had a normal gait, normal muscle strength and could walk heel to toe. Further, the treatment records do not support the constant pain alleged by the plaintiff. Most often her appointments had to do with blood pressure medicines, blood sugar checks, and regular examinations. In addition, the ALJ considered plaintiff's daily activities which included working three days a week, cooking meals, sewing, house cleaning, laundry, grocery shopping and walking, when determining that her allegations of pain were not consistent with the treating records. The court finds there is substantial evidence in the record to support the findings made by the ALJ regarding pain.

### C. Vocational Expert

To assist an ALJ making a disability determination, a vocational expert ("VE") is many times asked a hypothetical question to help the ALJ determine whether a sufficient number of jobs exist in the national economy that can be performed by a person with RFC similar to that of the claimant. A hypothetical question is properly formulated if it incorporates impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). "[A] vocational expert's responses to hypothetical questions posed by an ALJ constitutes [sic] substantial evidence only where such questions precisely set forth *all* of the claimant's physical and mental impairments."

*Wagoner v. Bowen*, 646 F. Supp. 1258, 1264 (W.D. Mo. 1986) (emphasis in original) (citing *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir. 1983)). Courts apply a harmless error analysis during judicial review of administrative decisions that are based, in part, on hypothetical questions. For judicial review of the denial of Social Security benefits, an error is harmless when the outcome of the case would be unchanged even if the error had not occurred. See *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003).

The court has carefully reviewed the hypothetical questions posed to the VE. Tr. at 287-89. The court finds the questions included those impairments found credible by the ALJ. This court has already found that the ALJ's determination is supported by substantial evidence. The court finds the ALJ's questions posed to the VE are supported by substantial evidence on the record and should be affirmed.

THEREFORE, IT IS ORDERED that the court finds in favor of the defendant and against the plaintiff. A separate judgment is filed in accordance with this Memorandum and Order.

DATED this 3rd day of June, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.